# J. George Scott, Appellee, v. Chicago Binder & File Company of Chicago, Illinois, Appellant.

## Gen. No. 16,745.

1. MUNICIPAL COURT—*when charge not subject to review.* The oral charge given by the court is not subject to review on appeal in the absence of objection or exception.

2. VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside as against the evidence unless clearly and manifestly so.

3. INTEREST—*when allowance not subject to review.* The question as to the allowance of interest is not preserved for review in the absence of objection or exception.

Appeal from the Municipal Court of Chicago; the HON. OSCAR M. TORRISON, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed May 21, 1912.

M. D. DOLAN, for appellant.

MATHER & HUTSON, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

Suit was brought by the appellee against the appellant in the Municipal Court of Chicago for commissions for the sale of certain loose leaf binders, files, etc. There was a trial before the court and a jury, which resulted in a verdict in favor of the appellee of $1,450.43. The verdict included interest. Upon this verdict judgment was entered.

We are asked to reverse the judgment for the reasons, first, that the evidence fails to sustain the verdict; second, that errors were made in instructions in the charge of the court to the jury, and third, because interest was allowed.

There were no written instructions tendered, excepting one by the appellant, which was the defendant

below, to the effect that the jury be instructed to assess the plaintiff's damages at the sum of $238, which was the amount the defendant admitted to be due to the plaintiff. This motion was denied and an exception was preserved by the defendant. The court then instructed the jury orally. No objection was made, so far as the record shows, and no exception was preserved to any portion of the charge. The only question, therefore, to be passed upon in relation to the instructions is as to the failure to instruct upon the motion of the defendant, in the manner heretofore set forth. We have carefully examined the testimony as shown in the abstract, and cannot agree with the contention of appellant that the evidence fails to support the verdict. No good purpose would be served by discussing the evidence, and we refrain from doing so.

The appellant insists that the trial court misconstrued the written contract. The appellant did not, however, by tendering any instruction seek to have the court instruct the jury in accordance with the appellant's theory as to its construction. While, as heretofore stated, no objection or exception appears in the record as to the charge of the court, we have examined the instructions as delivered orally by the court, and are of the opinion that the portion of the charge construing the contract, and of which complaint is made, was correct.

The question as to the allowance of interest was not preserved in the record by either objection or exception. The question as to whether or not there was unreasonable or vexatious delay in payment was one for the jury, and we see no reason for reversing the judgment because interest was allowed in the verdict.

The judgment will be affirmed.

*Affirmed.*